**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMMANUEL DUCOS REYES;<br>AMALIA FALLORIN REYES,<br><br>                          Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                          Defendant. | Case No.:  16cv2932-MMA (AGS)<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS**<br><br>[Doc. No. 5] |

On July 25, 2016, Plaintiffs Emmanuel Ducos Reyes and Amalia Fallorin Reyes initiated a small claims action in the Superior Court of California for the County of San Diego, naming Burt Lee[1] as the defendant.  *See* Doc. Nos. 1, 2.  In Plaintiffs' small claims complaint, Plaintiffs allege Mr. Lee refused to deliver mail.  *See* Doc. No. 1.  On December 1, 2016, the United States of America removed this action from the Superior Court based on federal question jurisdiction and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b).  *See* Doc. No. 1.  The United States then filed a notice of substitution, substituting the United States as Defendant pursuant to the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679, and asserting that Mr. Lee was

---

[1] The United States indicates that the true name of the individual originally sued is Burt Lee, as opposed to Bart Lee, as the small claims complaint lists him.  *See* Doc. Nos. 1, 5.

1  acting within the scope of his employment as a federal employee—specifically, a postal
2  worker—at the time the causes of action arose. *See* Doc. No. 5. Now, Defendant United
3  States moves to dismiss this action for lack of subject matter jurisdiction pursuant to
4  Federal Rule of Civil Procedure 12(b)(1). *See* Doc. No. 5. For the following reasons, the
5  Court agrees that it lacks subject matter jurisdiction over this action.

## DISCUSSION

7  "The FTCA bars claimants from bringing suit in federal court until they have
8  exhausted their administrative remedies." *See McNeil v. United States*, 508 U.S. 106,
9  113 (1993); *see* 28 U.S.C. § 2675(a). Specifically, a tort claim "may not be instituted
10 against the United States unless it is first presented to the appropriate Federal agency and
11 one of the following conditions is met: the claim is finally denied, or six months have
12 passed without a final resolution having been made." *See Burns v. United States*, 764
13 F.2d 722, 724 (9th Cir. 1985). This is a jurisdictional requirement. *See Sec. Nat. Ins. Co.
14 v. United States*, 637 F. App'x 347, 347–48 (9th Cir. 2016); *Brady v. United States*, 211
15 F.3d 499, 502 (9th Cir. 2000). Further, even where a plaintiff commences litigation and
16 then exhausts administrative remedies "before substantial progress [is] made in the
17 litigation," an FTCA action must be dismissed for lack of subject matter jurisdiction. *See
18 McNeil*, 508 U.S. at 111–12.

19  Here, Defendant asserts that Plaintiffs have not filed an administrative claim prior
20 to commencing this action, as required by § 2675(a). *See* Doc. No. 5. Plaintiffs do not
21 oppose Defendant's motion to dismiss. Accordingly, Plaintiffs have not demonstrated
22 that they have exhausted her administrative remedies. Based on the record, it appears
23 that Plaintiffs' complaint is premature, and the Court lacks subject matter jurisdiction
24 over this action. Lastly, amendment appears futile because Plaintiffs would not be able to
25 cure any failure to exhaust administrative remedies *after* they have already commenced
26 this FTCA action. *See McNeil*, 508 U.S. at 111–12; *see DCD Programs, Ltd. v.
27 Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("[F]utile amendments should not be
28 permitted.").

## CONCLUSION

In sum, the Court **GRANTS** Defendant's unopposed motion to dismiss, and **DISMISSES** this action without prejudice, and without leave to file an amended complaint. The Clerk of Court is instructed to close this action.

**IT IS SO ORDERED.**

Dated: February 17, 2017

Hon. Michael M. Anello
United States District Judge